————o————

DANIEL CHRISMER, Respondent, *vs.* THE ST. LOUIS, KANSAS CITY AND NORTHERN RAILWAY COMPANY, Appellant.

1. *Practice, civil—Appeal from Justice—Entry of appearance—Trial.*—In a cause appealed from a justice of the peace, the appellee, who has failed to enter his appearance, cannot be forced to trial at the first term of the court.

*Appeal from Warren Circuit Court.*

*John M. Woodson,* for Appellant.

I. The appellant could not be forced to trial at the first term, because the appeal is not taken on the day of the judgment, no notice was served on the appellee, and it did not enter its appearance (W. S., 850, §§ 21, 22; Mc Cabe vs. Lecompte, 15 Mo., 78; Rowley vs. Hinds, 50 Mo., 403; Purcell vs. Han & St. Jo. R. R.), 50 Mo., 504; May vs. Han & St. Jo. R. R., 51 Mo., 575.)

[The other points urged in the brief are necessarily omitted, because the court did not pass upon them.]

*E. A. Lewis, and Dryden and Carkener,* for Respondent.

I. The motion for a continuance was rightfully overruled. The provisions of the statute (W. S., 850, § 22) are for the benefit of the appellee; the appellant is always in court. (47 Mo., 498.)

II. Defendant is estopped from claiming a continuance. It subpœnaed witnesses and otherwise prepared for a trial, whereby appellee was let to understand that defendant intended to try the case, and prepared accordingly.

[The other points of the briefs are necessarily omitted, the court not having considered them.]

State v. Holme.

NAPTON, Judge, delivered the opinion of the court.

The judgment must be reversed for the reason, that a trial was forced on defendant at the first-term, although the appellee had not entered an appearance within the first two days of that term. The other points in the case have been considered and determined in other cases decided at this term.

Judgment reversed and cause remanded.